# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CACTUS DRILLING COMPANY, LLC and KEITH TAYLOR, | ) ) ) |
| Plaintiffs, | ) ) ) |
| -vs- | ) ) Case No. CIV-21-962-F |
| REME, LLC (D/B/A LEAM DRILLING SERVICES); LEAM DRILLING SYSTEMS, LLC; ST. PAUL FIRE & MARINE INSURANCE COMPANY; and TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA, | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER**

The court is in receipt of defendants' Notice of Removal (Notice). Doc. no. 1. The alleged basis for the court's exercise of subject matter jurisdiction is diversity jurisdiction, 28 U.S.C. § 1332. However, the jurisdictional allegations in the Notice are insufficient to establish diversity jurisdiction.[1]

The Notice alleges that plaintiff Keith Taylor is a "resident" of the State of Oklahoma. Doc. no. 1, ¶ 4. For purposes of § 1332, citizenship and residence are two entirely distinct concepts. A natural person is a citizen of the state in which he is domiciled. Crowley v. Glaze, 710 F.2d 676, 678 (10th Cir. 1983). Residence is

---

[1] Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006).

not the equivalent of citizenship.  State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994); Walden v. Broce Const. Co., 357 F.2d 242, 245 (10th Cir. 1966).  For any number of reasons, a litigant may be an individual who resides in one place but is domiciled in another place.  For adults, domicile is established by physical presence in a place, coupled with an intent to remain there.  Mississippi Band of Choctaw Indians v. Holyfield, 490 U.S. 30, 48 (1989).  The Notice must allege the state of citizenship, as opposed to the state of residence, for plaintiff Keith Taylor.

Next, the Notice alleges that plaintiff Cactus Drilling Company, LLC is an Oklahoma limited liability company comprised of members that are "residents" of the State of Oklahoma, and defendants Reme, LLC and Leam Drilling Systems, LLC are Louisiana limited liability companies comprised of members that are "residents" of the State of Louisiana.  Doc. no. 1, ¶¶ 3, 5 and 6.  The citizenship of a limited liability company is determined by the citizenship of all its members.  *See*, Spring Creek Exploration & Production Company, LLC v. Hess Bakken Investment, II, LLC, 887 F.3d 1003, 1014 (10th Cir. 2018).  The Notice fails to identify the members of each limited liability company and the state or states of citizenship for those members.[2]

Accordingly, defendants are **DIRECTED** to file an amended Notice of Removal, within ten days of the date of this order, which provides the missing

---

[2] If a member of one of the limited liability companies is an individual, defendants must identify the individual's state of citizenship as opposed to the individual's state of residence.  If a member of one of the limited liability companies is a business entity, then defendants must provide the jurisdictional information pertaining to that business entity.  *See generally*, 15A James WM. Moore, Moore's Federal Practice, §§ 102.50-102.58 (3d ed. 2021).  Further, defendants must trace the citizenship of any member of a limited liability company through however many layers there may be."  *See*, D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 127 (1st Cir. 2011).

jurisdictional information to establish diversity jurisdiction.[3]  Defendants may provide the jurisdictional information based upon information and belief.  If defendants are unable to provide the jurisdictional information regarding plaintiff Cactus Drilling Company, LLC, defendants shall file a written notice so advising the court at the same time they file the Amended Notice of Removal.

Failure to comply with this order may result in the remand of the action to state court.

IT IS SO ORDERED this 30th day of September, 2021.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

21-0962p001.docx

---

[3] Lest it be thought that these requirements exalt formalities a bit too much, the court will note that it is not unusual for the Court of Appeals, after a case has run its entire course in the District Court, to remand a case because the jurisdictional allegations made at the very outset of the case were deficient – a turn of events that can and should be avoided so that the parties may litigate on the merits without having to worry about losing the benefit of a judgment in the final stage of the litigation.